## VICTORIA MATERIALS & GRAVEL CO. et al. v. SAUERMAN BROS., Inc.*

No. 6745.

Circuit Court of Appeals, Fifth Circuit.

Nov. 29, 1932.

J. D. Dodson, of San Antonio, Tex., for appellants.

W. C. Gowan, of Dallas, Tex., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

*Rehearing denied January 14, 1933.

WALKER, Circuit Judge.

This was an action by the appellee on notes executed to it pursuant to a written contract for the sale, "f. o. b. cars Chicago, Ill.," by the appellee to the appellant Victoria Materials & Gravel Company (herein referred to as the buyer), of a machine called a "Slackline Cableway Excavator," consisting of described machinery, which contract was executed by the buyer's acceptance of a written proposition submitted by the appellee. That proposition contained the following:

"We assume no liability for damages on account of delays, nor can we make allowances for repairs, or alterations, unless same are made with our written consent or approval.

"We will replace or repair f. o. b. factory where made, any material which is proved within a reasonable time to have been defective at the time we furnished it, but it is agreed that no liability shall attach to us on account of damages or delays caused by such defective material. * * *

"It is expressly agreed that there are no promises, agreements or understanding outside of this contract, and that no agent or salesman has any authority to obligate Sauerman Bros., Inc., by any terms, stipulations or conditions not herein expressed."

The appellants set up a counterclaim for damages in the sum of $6,668 for alleged fraud of the appellee in procuring the execution of the contract by the buyer. The pleading setting up such fraud alleged, in connection with allegations of fraud or deceit practiced by appellant to induce the buyer to enter into the contract, "that it is the universal custom in purchasing machinery from manufacturers and those advertising themselves to be manufacturers, as plaintiff did, that machinery contracted to be sold is to be new machinery, unless the contrary is specified; that both parties knew of and contracted with reference to said custom"; and that appellant, with knowledge of said facts, accepted said contract, and delivered a secondhand and rebuilt motor, a part of the machinery contracted for, without disclosing to the buyer that that part of such machinery was not new.

In the trial there was evidence tending to prove the above alleged custom. There was evidence to the following effect: The machinery was bought for use in the buyer's business. The contract price for all the machinery called for by the contract was $12,508. All the machinery delivered under the contract was new except the motor, which after it had been used for a while, because of a defect in its original wiring, had been returned to the factory to be rebuilt as new. At the time the contract was entered into the market price of a new motor was $2,100. After the delivery and installation of the machinery, it was discovered that the motor did not operate properly. Thereupon the buyer, without first affording the appellee an opportunity to replace or repair the motor, employed a machinist to discover and remedy the trouble. The only trouble with the motor which was discovered by the machinist was that the shaft was defective and its bearings were out of line and did not have oil grooves cut in them. The trouble was remedied by the machinist employed putting in a new shaft and new bearings. This was done at an expense to the buyer of $491.45. After the mentioned defects were remedied and after the buyer had discovered that the motor was not a new one when the contract was made or when the machinery was delivered, the buyer kept the machinery, including the motor, using it in its business, and thenceforward the motor ran satisfactorily. No evidence showed that any representative of the appellee who acted for it in negotiating and making the sale of the machinery made any misstatement or misrepresentation in reference to it, or that any such representative, until after the trouble with the motor was disclosed after its delivery, knew that the motor, which was shipped from Duluth, Minn., where appellee's stock was kept, was not a new one. Upon the conclusion of the evidence the appellee moved the court to instruct the jury to return a verdict in its favor, that motion being accompanied by the statement that appellee was willing to allow a credit of $491.45 on its claim, the amount stated being the cost of the above mentioned replacements and repairs. Thereupon the court, after stating that he did not think there was sufficient evidence to prove that the plaintiff was guilty of any fraud, instructed the jury to find for the plaintiff in the amount sued for, less the item of $491.45.

A right to rescind the contract was not asserted. As above indicated, the cross-action was for damages for alleged fraud in inducing the buyer to enter into the contract. The evidence was such that the court would have been warranted in setting aside a verdict involving a finding that the alleged fraud was committed. Furthermore, the evidence showed that the buyer, after discovering the defect in the motor and that it was not new, retained the motor and continued to use and

852

treat it as its own. By so doing it waived the asserted objection to the contract, ratified it, and became conclusively bound by it. McLean v. Clapp, 141 U. S. 429, 12 S. Ct. 29, 35 L. Ed. 804; 4 R. C. L. 515. The evidence indicated that, except as to the motor, the machinery delivered was in every substantial respect what the contract contemplated. The above-mentioned statement accompanying the motion for a directed verdict indicated that the appellee waived the benefit of the. provision of the contract as to it not making allowances for repairs or alterations made without its written consent or approval. In the circumstances attending the making of the motion for a directed verdict, if the appellants were entitled to anything in reduction of the amount sued for, they were entitled to no more than a credit or allowance of the amount expended in the replacements and repairs of the motor, required to remove any trouble with it. Pullman Palace-Car Co. v. Metropolitan St. Railway Co., 157 U. S. 94, 111, 15 S. Ct. 503, 39 L. Ed. 632. The evidence did not show any substantial recoverable damage which would not be repaired by the allowance of that credit.

We conclude that the ruling under consideration was not reversible error.

The judgment is affirmed.